Electronically Filed on December 29, 2006

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED SYSTEMS DEVELOPMENT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 06-484C |
| | ) | (Judge Lawrence M. Baskir) |
| Defendant, | ) | |
| and | ) | |
| KENROB IT SOLUTIONS, INC., | ) | |
| Intervenor. | ) | |

## PLAINTIFF'S JUSTIFICATIONS FOR CONTINUED PROTECTION AND REDACTIONS TO THE PARTIES' BRIEFS AND OTHER SUBMISSIONS FILED UNDER SEAL

By Order dated October 5, 2005, the Court directed the parties "to file with the Court their justifications for continued protection of the redactions to the parties' briefs and other submissions filed under seal no later than 10 days after the agency makes a new award." As a result of the re-evaluation consequent to recommendations in the decision of the Government Accountability Office ("GAO") in the matter of *Advanced Systems Development, Inc.*, B-298411 *et seq.*, 2006 CPD ¶ 137 (Sept. 19, 2006), the agency conducted a new evaluation and issued a notice of intent

to award the contract to Advanced Systems Development, Inc. ("ASD") on November 8, 2006.[1] On November 14, 2006, KENROB IT Solutions, Inc. ("KENROB") filed a size protest with the Small Business Administration ("SBA"), which protest delayed the contract award. However, the agency issued the contract award to ASD on December 21, 2006. Accordingly, ASD timely files this response to the Court's Order.

On July 27, 2006, ASD filed its Statement Regarding Justification For Protection Of Redacted Materials. ASD identified three types of information that should remain protected: ASD Proposal Information, KENROB Proposal Information and other Source Selection Information. ASD defined these three types of information in its July 27, 2006, filing and specifically identified by document and page number all information that ASD believes should remain protected.

ASD also provided rationale for the continued need to protect the material filed under seal. First, the underlying bid protest was still ongoing,

---

[1] Because the procurement is a small business set aside, Federal Acquisition Regulation ("FAR") 15.503(a)(2) requires the agency to issue a notice of intent to award a contract, which triggers the time for filing a size protest with the SBA. ASD, and apparently neither of the other parties to this proceeding, does not interpret the notice of intent to award a contract to be the contract award that sets a deadline for filing a joint status report with the Court within "30 days after the agency makes its decision," also set forth in the Court's October 5, 2006, Order.

and the Protective Order in that case remained active. Second, the prospect of a GAO decision sustaining the protest and recommending that the competition be reopened, as has transpired, would necessitate continued protection of the information to avoid a competitive disadvantage during the recompetition.

Although the agency has made a new award, both of the rationales identified in the July 27, 2006, filing still apply. Because the agency has not yet made payment on ASD's October 19, 2006, claim for costs, submitted per the GAO decision, the GAO Protective Order is still pending. Indeed, to date, none of the parties have certified destruction of documents as the Protective Order would otherwise have required. As the time for destruction of documents approached, counsel for ASD conferred with the GAO attorney handling the matter to obtain guidance on the treatment of documents under the Protective Order due to the pending cost claim and the possibility that ASD might have to file another matter with the GAO to enforce ASD's right to recover costs, including attorney fees. The GAO informally advised that the parties could agree to maintain protection until such time as the matter is fully resolved.

Further, ASD understands that the agency planned to conduct a debriefing with KENROB some time this week. Pursuant to the FAR and

GAO regulations, KENROB might file a bid protest of the award to ASD at a time after the deadline for this filing. Thus, for the same reasons that the information should be protected from disclosure in this proceeding and the underlying protest, the information should remain protected with the prospect of another protest.[2] Information should remain protected until after the deadline for another protest has passed, and if KENROB files a protest, during the pendancy of that protest as well. It would be an odd result to release otherwise protected material, only to have it subject to protection shortly after in a new protest.

Accordingly, ASD requests that the Court defer any reconsideration about the continued protection of redactions to the parties' briefs and other submissions until such time as the claim for costs is resolved and any potential protest by KENROB is resolved, whichever is later.

---

[2] Because KENROB had already filed a size protest with the SBA, there is every reason to believe that KENROB will also attempt to file a protest with the GAO, regardless of whether there is any basis to do so.

Dated: December 29, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/ Paul E. Pompeo
Paul E. Pompeo
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 457-7033 – phone
(202) 419-2913 – fax
*Counsel for Advanced Systems Development, Inc.*

Of Counsel:

Kara L. Daniels
David J. Craig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 457-1830 – phone
(202) 419-2727 – fax

# 4271706_v1